

O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| ZURI A'GIZA, | ) | Case No. CV 11-5250-CBM (MLG) |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | DISMISSING COMPLAINT FOR FAILURE |
| | ) | TO SERVE AND PROSECUTE |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| Defendant. | ) | |

    This pro se complaint, construed as a request for judicial review of a decision by the Defendant Commissioner, was filed on July 6, 2011.[1] On July 8, 2011, the Court issued a scheduling order directing Plaintiff to promptly effect service on the United States Attorney, the Commissioner of Social Security, and the Attorney General of the United States. Plaintiff did not comply with this order.

    On August 18, 2011, an order was issued directing Plaintiff to show cause, on or before September 2, 2011, why the action should not

---

    [1] This is the latest of at least fourteen actions that Plaintiff has filed in the past 12 years relating to social security benefits.

be dismissed for failure to effect service and failure to prosecute. Plaintiff was warned that failure to comply with the order would result in dismissal of the action for failure to prosecute. Plaintiff did not comply with this order either.

This action will be dismissed for failure to prosecute. Courts possess the discretionary authority to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

In weighing these factors, the Court concludes that dismissal is appropriate in this case. Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Dismissal without prejudice would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendant. Finally, Plaintiff was advised of the consequences of not responding to the order to show cause in the time allowed. He apparently no longer wishes to continue with this

1   proceeding.

2        Accordingly, it is ORDERED that this action be dismissed without

3   prejudice for failure to effect service and failure to prosecute.

4

5   Dated: 9/12, 2011

6

7

8

9                                   _____
                                    Consuelo B. Marshall
                                    United States District Judge

10  Presented By:

11

12

13  _____
    Marc L. Goldman
14  United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28